UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY PUNTER, WANESHA KIMBLE PUNTER,<br><br>     Plaintiffs,<br><br>   -against-<br><br>NYS TROOPER/BCI INVESTIGATORS, SCOTT RUSSELL, DANIELLE BLACKABY, SULLIVAN COUNTY/RELEVANT AGENCIES,<br><br>     Defendants. | 25-CV-10853 (LTS)<br><br>ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND PRISONER AUTHORIZATION AND SIGNATURE |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Wanesha Kimble Punter ("Kimble Punter") brings this action *pro se* on behalf of Plaintiff Timothy Punter ("Plaintiff"), who is currently incarcerated at Eastern Correctional Facility.[1]  As set forth below, the Court dismisses Kimble Punter from this action, leaving Plaintiff as the sole plaintiff; directs Plaintiff to pay the filing fee or submit an application to proceed *in forma pauperis* with a prisoner authorization form; and directs Plaintiff to submit his signature to the complaint.

## DISCUSSION

**A.    Proceeding *pro se***

Generally, in federal court, two types of representation are allowed: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (citing 28 U.S.C. § 1654) (other internal citation and quotation omitted). To proceed *pro se* "means to appear for one's self" and, therefore, "a person may not appear on another person's

---

[1] The Court construes the Notice of Claim (ECF 1) as the complaint.

behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("A person must be litigating an interest personal to him"); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Cheung v. Youth Orch. Found. Of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Ebomwonyi v. Sea Shipping Line*, 473 F. Supp. 3d 338, 346 (S.D.N.Y. 2020), *aff'd*, No. 20-3344, 2022 WL 274507 (2d Cir. Jan. 31, 2022).

Here, the complaint does not allege that Kimble Punter is an attorney, nor does the complaint allege that Defendants' conduct harmed or injured Kimble Punter. Accordingly, to the extent Kimble Punter intends to appear as a plaintiff in this action, the Court dismisses her from this action because she cannot assert any claims on behalf of Plaintiff, and she does not assert any claims on behalf of herself.

**B.    Next friend**

In limited circumstances, federal courts have allowed a "next friend" to litigate on a party's behalf, but those criteria are not met here.

> First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest.

*Ross ex rel. Dunham v. Lantz*, 408 F.3d 121, 123 (2d Cir. 2005). "Although a significant relationship with the real party in interest is relevant to the appointment of a next friend, it is neither required nor dispositive." *Doe v. Hochul*, 139 F.4th 165, 178 (2d Cir. 2025). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Ross*, 408 F.3d at 123.

In this case, even assuming Kimble Punter can show that she is "truly dedicated to the best interests" of Plaintiff, *see Ross*, 408 F.3d at 123, the complaint does not explain why

Plaintiff cannot appear on his own behalf. Kimble Punter thus has not met the heavy burden of showing that Kimble Punter has standing to continue litigating this matter on Plaintiff's behalf.

**C.      Filing fee or IFP**

Even if Plaintiff himself had submitted the complaint, Plaintiff did so without paying the filing fee or seeking leave to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. To proceed with a civil action in this Court, however, a prisoner must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed IFP, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[2] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b). Plaintiff is therefore directed to pay the fees or submit signed IFP application and prisoner authorization forms.

**D.      Signature**

The complaint also was submitted without Plaintiff's signature. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if

---

[2] The $55.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has

interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark

handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). Plaintiff is therefore directed to

sign the complaint.

**CONCLUSION**

The Court dismisses Kimble Punter from this action because she cannot assert claims on

behalf of Plaintiff, *see* 28 U.S.C. § 1654, and she cannot act as his "next friend." The Court

directs the Clerk of Court to terminate her from this action.

The Court also directs Plaintiff to resubmit the signature page of the complaint with an

original signature within thirty days of the date of this order. A copy of the signature page is

attached to this order.

Finally, the Court directs Plaintiff to pay the $405.00 in fees or submit the attached IFP

application and prisoner authorization form within thirty days of the date of this order. If Plaintiff

submits the IFP application and prisoner authorization forms, which are attached to this order,

they should be labeled with docket number 25-CV-10853 (LTS).[3]

No summonses shall issue at this time. If Plaintiff complies with this order, the case shall

be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply

with this order within the time allowed, the action will be dismissed.

---

[3] Plaintiff is cautioned that if a prisoner files an action that is dismissed as frivolous, malicious, or for failing to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fee at the time of filing any new action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 14, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge